United States District Court
for the
Southern District of Florida

| | |
|---|---|
| William Christie, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22439-Civ-Scola |
| Royal Caribbean Cruises, Ltd. and others, Defendants. | ) |

**Order On Objections to Magistrate Judge Order**

On January 6, 2021, the Court referred the Plaintiff's motion to strike certain affirmative defenses raised by Defendants AGA Service Company and Jefferson Insurance Company to United States Magistrate Judge Edwin G. Torres, for a report or to be heard and determined, consistent with 28 U.S.C. § 636(b)(1), Federal Rule 72, and Rule 1 of the Local Magistrate Judge Rules. This matter is now before the Court upon the Defendants' objections to Magistrate Judge Torres's order granting the Plaintiff's motion to strike. The Court **affirms** the Magistrate Judge's order.

Where a magistrate judge issues a non-dispositive order, the Court reviews that order under a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); *see Moore v. M/V Sunny USA*, No. 18-81181-Civ, 2019 WL 7207109, at *4 (S.D. Fla. Dec. 27, 2019) (Altman, J.). A number of courts have said that a ruling can be shown to be clearly erroneous only when it can be concluded that the challenged decision is not "just maybe or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Put another way, a finding is clearly erroneous, when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Barr v. One Touch Direct, LLC*, No. 8:15-cv-2391, 2017 WL 749503, at *2 (M.D. Fla. 2017).

The Court has reviewed the Magistrate Judge's order, the parties' briefing, and the relevant legal authorities and finds Magistrate Judge Torres's order to be well-reasoned and cogent and compelling. The crux of the Defendants' objection is that it was clear error and contrary to the law for Magistrate Judge Torres to strike certain of their affirmative defenses on the basis of the Magistrate Judge's finding that "general maritime law applied to

the plaintiff's tort claims . . . and that the 'Florida comparative fault rule cannot apply and by extension that includes *Fabre* affirmative defenses.'" (ECF No. 51, at 1-2.)

As Magistrate Judge Torres noted in his order, where admiralty jurisdiction exists, a court may, but is not always compelled to apply general maritime law to the entire case. (ECF No. 44, at 9-11.) For instance, a court may choose not to apply maritime law "where 'neither statutory nor judicially created maritime principles provide an answer to a specific legal question" such that "courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in maritime law.'" (ECF No. 44, at 11 (quoting *Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.*, 207 F.3d 1247, 1251 (11th Cir. 2020). Here, the Court has found the Defendants committed a tort independent from the parties' contract under the undertaker's doctrine and as Judge Torres noted, where an injury occurs on navigable waters, maritime law applies to the substantive issues in the case. (ECF No. 44, at 13 (discussing *Everett v. Carnival Cruise Lines*, 913 F.2d 1355, 1358 (11th Cir. 1990)). As maritime law applies to the Defendant's tort, and the Court may otherwise apply maritime law to this action because maritime law applies with respect to the Plaintiff's claims against Royal Caribbean, the Court finds it was not clear error or contrary to the law for Magistrate Judge Torres to grant the Plaintiff's motion and strike certain of the Defendants' affirmative defenses on the basis that maritime law does not recognize the Florida comparative fault rule and by extension the concept of a *Fabre* defense.

For the reasons set forth above, Magistrate Judge Torres's ruling is **affirmed**. The Defendants' objections are **overruled**. (**ECF No. 51**.)

**Done and ordered** at Miami, Florida, on February 18, 2021.

_____
Robert N. Scola, Jr.
United States District Judge