## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22439-SCOLA/TORRES

WILLIAM CHRISTIE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD., *et al.*,

      Defendants.

_____/

## ORDER ON MOTION TO COMPEL AND SANCTIONS

      This matter is before the Court on William Christie's ("Plaintiff") motion to compel and sanctions against AGA Service Company d/b/a Allianz Global Assistance ("AGA") and Jefferson Insurance Company ("Jefferson Insurance") (collectively, "Defendants"). [D.E. 75]. Defendants responded to Plaintiff's motion on June 15, 2021 [D.E. 78] to which Plaintiff replied on July 2, 2021. [D.E. 79]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion to compel and sanctions is **GRANTED in part** and **DENIED in part**.[1]

---

[1]    On June 11, 2021, the Honorable Robert N. Scola referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 77]. Although the Order Setting Discovery Procedures would ordinarily preclude the filing of discovery motions, the undersigned allowed the parties to file a paper motion given that the deadline to complete fact discovery passed on June 14, 2021, and the filing of dispositive motions is due on August 2, 2021.

## I.    ANALYSIS

This is a negligence action where Plaintiff alleges that Defendants failed to diagnose, treat, and coordinate his medical care while as a passenger onboard a maritime vessel.  Plaintiff claims that, as a result of the negligence and the failure to receive timely medical care, he suffers from severe bodily injuries including paralysis from the waist down.  He now uses a wheelchair for transportation, but he can walk short distances using assistive devices.

On June 3, 2021, Plaintiff deposed three witnesses serving as Defendants' corporate representatives.  These individuals include Jeff Rolander ("Mr. Rolander"), Dr. Melissa Castro ("Dr. Castro"), and Lashanta Sullivan ("Ms. Sullivan"). Throughout the deposition, Plaintiff says that Defendants directed these witnesses not to answer certain questions, made numerous speaking objections, and otherwise violated Fed. R. Civ. P. 30.  When Plaintiff questioned Defendants on their instructions not to answer, Plaintiff claims that Defendants failed to provide a justifiable reason or otherwise seek a protective order.

First, Plaintiff takes issue with the way in which Defendants interrupted the testimony of Dr. Castro.   Plaintiff says that "it became clear that Dr. Castro was uncomfortable with the corporate position taken by AGA and JIC regarding whether RCCL was negligent," and that the vessel's medical doctor should have provided Defendants with critical information on Plaintiff's medical condition.  [D.E. 75 at 3]. However, as soon as Dr. Castro began to testify in her individual capacity to show her displeasure with Defendants' actions, Plaintiff claims that Defendants instructed her

2

not to answer.  Plaintiff views this as improper because a lawyer is prohibited from

instructing a witness not to answer a question for the sole purpose of preventing

unfavorable deposition testimony:

Second, Plaintiff accuses Defendants of engaging in numerous speaking

objections that interrupted the flow of Dr. Castro's examination:

> MR. RENDA:  Just to be clear, are you going to continue to ask her, as
> an individual, questions about her opinion, as an individual, because
> that is demonstrably outside the scope of this deposition? So I am trying
> to speak as low as possible so as not to be framed as whatever it was.
> But I object, I can't have this witness testify as herself about medical
> opinions and expert opinions. So I gave you a lot of leeway, but that's it.
> MR. FLANAGAN:  I -- I have to tell you, I hate the -- the long speaking
> on the record. And I don't like having to answer lawyer's questions on
> the record.  The rules are the rules. I can ask a witness in their
> individual capacity how they view things.  I can view -- ask the
> corporation.  You've made it clear that you don't want this to be the
> representation of the corporation. I understand that.  She is the CMO
> now.  I am asking her questions.  So she can answer in her individual
> capacity.
> MR. RENDA:  I disagree with your representations of the rule, and I
> have a notice of deposition with 65 topics that I prepared her and two
> other witnesses to answer on behalf of AGA, which is whose deposition
> is being taken this afternoon, and you're going outside the scope, so –
> MR. FLANAGAN:  Okay. I understand your objection.  Judge Torres'
> rule is that we ask the questions.  The questions get answered, and then
> we deal with it afterwards.  So that is what I would like to do.
> MR. RENDA:  So just reasserting my objection to your -- to this line of
> questioning.
> MR. FLANAGAN:  I understand. So could our court reporter please read back
> the question.
> (Thereupon, the question was read back.)

[D.E. 75-1 at 178:25-180:18].

When Plaintiff attempted to continue with the deposition, Defendants instructed Dr. Castro not to answer certain questions[2]:

> BY MR. FLANAGAN:
> Q. Doctor, do you need the context for the one prior to answer?
> A. No.
> Q. Okay. So then the question is: Why would that information have been helpful?
> MR. RENDA: All right. So I am going to instruct the witness to no longer answer questions posed to her as herself. I will take my chances with the magistrate, because I think this is inappropriate. So, Doctor, don't answer questions as yourself anymore.
> MR. FLANAGAN: Could our court reporter please mark that.

*Id*. at 180:23-181:8.

Plaintiff views this conduct as evidence of bad faith because Defendants had no legitimate reason to instruct Dr. Castro or any other witness not to answer certain questions. The only explanation that Plaintiff can contemplate is that the goal here was to disrupt the examination as much as possible so that witnesses could not provide unfavorable deposition testimony. Because this conduct violates the Federal

---

[2]     The same conduct occurred in connection with Mr. Rolander's deposition:

> MR. FLANAGAN: Q. Were you provided with any information about when MRI and neurosurgery would have been expected to be provided to Mr. Christie, had he stayed at Centro Medico de Puerto Rico, prior to today's deposition?
> MR. RENDA: So, Mr. Rolander, to the extent you were provided information from my office, myself, my partner, that is responsive to Mr. Flanagan's question, I am going to instruct you not to answer the question on the basis of attorney-client privilege. If you can answer the question relying on information that you have not received from us, then go ahead and answer it. If you feel like you cannot, then I am instructing you -- instructing you not to answer the question.
> WITNESS ROLANDER: I can't answer the question.

[D.E. 78-2 at 242:1-243:2].

Rules, Plaintiff asks that the Court impose monetary sanctions, compel Defendants to produce Dr. Castro for a continued examination, allow any future deposition to take place without disruption, and otherwise enter default judgment.

Defendants' response is that their objections were proper because Plaintiff's counsel asked irrelevant questions, and otherwise sought testimony that was protected under the work product doctrine or the attorney-client privilege. Defendants say that this forced them to object and to instruct their witnesses not to answer "because of privilege or witness badgering." [D.E. 78 at 3]. Defendants also claim that Plaintiff's counsel violated the Federal Rules because he noticed the 30(b)(6) deposition on 65 topics, but he attempted to ambush them through misdirection and questions on irrelevant subjects. Defendants say that Plaintiff's tactics forced them into an impossible dilemma where they had to choose between allowing their corporate representatives to be ambushed with irrelevant questions and risk the disclosure of privileged information, or otherwise be the recipient of a motion for sanctions. Defendants chose the latter.

Defendants also push back against the assertion that they took part in improper speaking objections. Defendants say that they objected to the form of a question and gave commentary only when necessary. Defendants claim, for example, that they spoke in detail only when it was needed to clarify that the testimony provided was in an individual capacity as opposed to a corporate representative:

> Q. Okay. So let's go back to my question. Have you spoken to any medical doctors about the care Mr. Christie received in this case?
> MR. RENDA: Objection to form of the question. Again, are you asking this individual, or you're asking AGA?

> MR. FLANAGAN:  I'm asking him.
> MR. RENDA:  No, I am not going to let that happen. He's not here as him.  He's here as the corporate entity. I mean, you went through this with Mr. Drahos the last time.

[D.E. 78-2 at 69:20-70:8].

> Q.  So do you as the CMO [Chief Medical Officer of AGA/JIC] now think it's important to know, when someone is having an emergent medical condition, how much time you have to get them to a facility that can provide definitive care?
> MR. RENDA:  Just a minute. Again, Mr. Flanagan, I am just saying she is testifying as AGA, not a chief medical officer of a company.   So objection to the form.

*Id*. at 176:16-25.  So, given that Plaintiff "posed questions to elicit inappropriate testimony that was irrelevant, already asked and answered, called for expert opinions, and was far beyond the scope of the 30(b)(6) deposition notice," [D.E. 78 at 16], Defendants conclude that their speaking objections were appropriate.

Instructions not to answer are generally improper with the exception of questions seeking information in the form of trade secrets or privileged information. When an attorney properly instructs a deponent not to answer, an attorney must immediately seek a protective order because otherwise arguments to the objectionable questions are often waived.  *See, e.g.*, *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, 2008 WL 2645680, at *9-10 (S.D. Fla. June 26, 2008) ("Even in the case of an instruction not to answer based on privilege, the party who instructs the witness not to answer should *immediately* seek a protective order . . . The record here shows that counsel violated Rule 30(d)(4) by not immediately filing a motion for protection following the deposition. On this basis alone, any otherwise meritorious arguments to the questions posed during the deposition were thus waived.")

(emphasis in original) (quoting *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Servs., Inc.*, 120 F.R.D. 504, 508 (W.D. La. 1988)).

Rule 30 also makes clear the types of objections an attorney may make and when counsel may instruct a deponent not to answer:

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2).  The rule further clarifies that testimony taken during a deposition is to be completely that of the deponent, not a version of the testimony which has been edited or glossed by the deponent's lawyer. *See Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D. Pa. 1993).  That is, a witness must be allowed to provide an answer to the best of his or her ability, free from any influence by the attorney.  If a witness is confused about a question, or if a question seems awkward or vague to the witness, the witness may ask the deposing counsel to clarify the question.  Ultimately, the Federal Rules of Civil Procedure "do not permit attorneys representing deponents to (1) coach the client by raising rhetoric-filled objections designed to feed the deponent information or advice; (2) answer the substantive questions themselves, before the deponent has provided an under-oath substantive response; and (3) instruct the deponent to not answer questions in the absence of a legitimate privilege objection or a Court-ordered limitation on the subject matter."

*United States v. Tardon*, 493 F. Supp. 3d 1188, 1247 (S.D. Fla. 2020) (citing *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019)).

Here, the focus is on the deposition of Dr. Castro because – while Plaintiff references the testimony of Mr. Rolander and Ms. Sullivan and complains about how Defendants treated them – Plaintiff does not claim any prejudice with respect to either deponent.  Defendants say that they did nothing wrong with respect to Dr. Castro because Plaintiff asked her questions in her individual capacity and outside the scope of the deposition notice.  Defendants claim, for example, that they prepared Dr. Castro in advance of the deposition, but that Plaintiff asked questions beyond the scope of the notice.  Defendants also add that Plaintiff's questions were improper because they sought medical expert testimony despite the fact that Dr. Castro was not the chief medical officer at the time of the alleged negligence.  Thus, given that Plaintiff failed to notice Dr. Castro for a deposition in her individual capacity and should have limited the questions asked of her, Defendants conclude that they had every right to instruct her not to answer.

Based on these circumstances, both parties violated the Federal Rules.  Plaintiff failed, on one hand, to give proper notice to Defendants' corporate representatives on the topics available for questioning.  Plaintiff requested, for example, that Defendants prepare their corporate representatives on 65 different topics.  But, Plaintiff asked Dr. Castro many questions that failed to focus on his role as a corporate representative.  That is not proper because a deposition pursuant to Rule 30(b)(6) is materially different than a witness deposition as an individual.  "A

8

30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital, L.L.C.,* 2001 WL 1590544 (S.D.N.Y. Dec. 12, 2001) (citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2103 (2d ed. 1994)).

If Plaintiff wanted to depose Dr. Castro in her individual capacity, he should have made that clearer in his notice or otherwise set a deposition pursuant to 30(b)(1). *See, e.g.*, *LendingTree, Inc. v. LowerMyBills, Inc.,* 2006 WL 2443685 (W.D.N.C. Aug. 22, 2006) (granting motion to compel Rule 30(b)(6) deposition even though 30(b)(6) designee had previously testified in his individual capacity on topics similar to those identified in the 30(b)(6) notice); *Smith v. General Mills,* 2006 U.S. Dist. LEXIS 19093, at *15 (S.D. Ohio Apr. 13, 2006) ("Courts have soundly rejected [the] argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition."); *Commodity Futures Trading Comm'n v. Midland Rare Coin Exchange, Inc.,* 1999 WL 35148749, at *3 (S.D. Fla. Aug. 4, 1999) (ruling that party could depose witness in his individual capacity for six-hours and also depose the same witness as Rule 30(b)(6) corporate representative for an additional six hours as "the depositions serve distinct purposes, impose different obligations . . . and involve different ramifications."). Yet, Plaintiff did neither and, in some respects, blind-sided Defendants with questions that Dr. Castro was never prepared to answer. Plaintiff

is therefore partially at fault for the motion presented because the questions here exceeded the scope of a 30(b)(6) deponent.

But Defendants are even more culpable. If a 30(b)(6) deponent is asked a question thought to be outside the scope of a notice, Defendants should have briefly asserted their objection and allowed the deposition to proceed.[3] *See Siegmund v. Xuelian Bian*, 2018 WL 4293148, at *1 (S.D. Fla. Sept. 6, 2018) ("While the Court is mindful of Defendant's predicament at Mr. Chan's deposition, none of the circumstances that permit an attorney to instruct his or her client not to answer were present here. Defendant's counsel should have therefore noted his objection on the record, and allowed Mr. Chan to answer these questions."). Defendants did so at various points but went much further by crossing the line into instructing the witness not to answer on relevance and form grounds. By doing so, they violated Rule 30 because there are only three circumstances where an attorney can instruct a witness not to answer a question and none of them apply to many of the questions at issue: (1) if the information contained in the answer is protected by a privilege, (2) to enforce a court order, or (3) to suspend a deposition for the purposes of filing a Rule 30(d)(3) motion related to improper harassing conduct.

Defendants claim that their actions were nonetheless justified because the questions that Plaintiff asked were repetitive, outside the scope of a 30(b)(6) deposition, and tantamount to witness badgering. But, "[i]t is improper to instruct a

---

[3]     This assumes, of course, that there are no additional objections that may preclude a deponent's response such a privilege or a court-ordered limitation.

witness not to answer based on relevance, that the question has been asked and answered or because the question is outside the scope of inquiry identified in the notice of deposition of a Rule 30(b)(6) representative." *Provide Com., Inc. v. Preferred Com., Inc.*, 2008 WL 360591, at *1 (S.D. Fla. Feb. 8, 2008) (citing *Vipre Systems LLC v. NITV LLC,* 2007 WL 3202439 *1, n. 2 (M.D. Fla. 2007); *Goober v. City of Leesburg,* 197 F.R.D. 519, 520 (M.D. Fla. 2000)). And while Defendants complain that Plaintiff badgered Dr. Castro, they never filed a motion seeking any relief. Instead, Defendants only raised this argument in response to Plaintiff's motion for sanctions. It is not therefore compelling to suggest that Plaintiff badgered the witness without seeking any relief to that effect. And indeed the Court's own review of the deposition shows that there was no badgering. Defendants' counsel, instead, was the one interjecting himself into the questioning and answering process far beyond what was necessary to preserve an objection.

Moreover, it is well established in the Eleventh Circuit that the scope of a Rule 30(b)(6) deposition is not strictly confined to the topics set forth in the notice. Instead, courts have found that, while Rule 30(b)(6) was intended to give notice of the subject matter that the corporate representative must be prepared to discuss, any relevant question may still be asked of the deponent, who must answer if he or she knows the answer. *See, e.g.*, *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) ("Rule [30(b)(6)] is not one of limitation but rather of specification within the broad parameters of the discovery rules."); *see also Santos v. Bank of Am., N.A.*, 2018 WL 3391330, at *1 (M.D. Fla. May 2, 2018) ("Rule

30(b)(6) itself does not limit what can be asked at a deposition . . . The scope of discovery is defined instead by Rule 26(b)(1).") (citing *King*); *Bowers v. Am. Heart Ass'n, Inc.*, 2007 WL 9702160, at *2-4 (N.D. Ga. Sept. 21, 2007) (discussing *King* and collecting cases). Although there is out-of-circuit authority that runs contrary to this view, *see, e.g., Paparelli v. Prudential Ins. Co.*, 108 F.R.D. 727 (D. Mass. 1985), we find this exceptional line of cases to be highly unpersuasive. Judge Gonzalez's analysis of the proper application of the Rule continues to govern proceedings in this District, especially where the Court placed all parties in this case on notice of its applicability in the Order Setting Discovery Procedures. So, subject to Defendants' objections (which preserved the entire matter for later resolution before or during trial) the witness should simply have been permitted to answer. And to protect Defendants' position counsel properly instructed that the witness should carefully distinguish between his own personal opinions or conclusions (which may not be admissible in any event) as opposed to what is known to the corporation that he was representing. Having done that, counsel had no basis to summarily cut off the entire line of questioning, at least without not strictly following the requirements of Rule 30. Defendants thus violated Rule 30.

The only question now is what relief should be provided given both parties' violations of the Federal Rules. Defendants say that they complied with their obligations in all material respects because they produced three well-prepared witnesses to testify on 65 deposition topics. Defendants also claim that, following the deposition, they supplemented their answers to Plaintiff's interrogatories in an effort

to provide much of the information that Plaintiff requested.  [D.E. 78 at 18 ("Christie's counsel was also already provided with much of the information he is now attempting to compel through supplemental answers to interrogatories and earlier depositions.")].

Defendants' supplemental discovery responses is a good starting point for remedying the violation that took place.  It is not, however, an entirely adequate substitute without giving Plaintiff the opportunity to resume Dr. Castro's deposition subject to the Federal Rules.  *See Larweth v. Magellan Health, Inc.*, 2019 WL 11866498, at *13 (M.D. Fla. July 16, 2019) ("Based on the foregoing, Plaintiff is entitled to re-depose the corporate representative pursuant to Rule 30(b)(6) for the limited purpose of asking the questions counsel instructed the deponent not to answer.").  As for the remaining relief requested, none of the proposed sanctions are appropriate to remedy the violation that took place including the request for a monetary award or default judgment.  *Id*. ("The Court is not inclined to grant Plaintiff's request for attorney fees because Defendant's position at the deposition was substantially justified.").  Accordingly, Plaintiff's motion is **GRANTED in part** but only to the extent that Plaintiff has a total of two additional hours (if desired) to resume and complete Dr. Castro's deposition as the Defendant's corporate representative.  The witness shall be made available for completion of the deposition by July 23, 2021.  To the extent similar opinion-related questions are again asked of the witness, defending counsel may summarily preserve the form objection on the record and seek to exclude those opinions at trial.

In all other respects, Plaintiff's motion is **DENIED**.

## *II.   CONCLUSION*

For the foregoing reasons, Plaintiff's motion to compel and sanctions is

**GRANTED in part** and **DENIED in part**:

A.   Plaintiff's motion is **GRANTED** but only to the extent that he is given

2 hours to resume and complete Dr. Castro's deposition.

B.   In all other respects, Plaintiff's motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of July

2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

14